UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-19 |
| | ) | |
| DENNIS KETIH GIBBONS, JR. | ) | |

MEMORANDUM OPINON AND ORDER

This matter is before the Court on the defendant's *pro se* motion to reduce sentence, [Doc. 80]. Defendant's motion challenges "the 2-level weapon enhancement in the instant matter in accordance with 18 U.S.C. § 3582(c). The challenge is based upon clarifying case law effecting [sic] USSG § 2D1.1(b)(1)." [*Id.* at 1]. The government responded in opposition, arguing that defendant's "reliance upon § 3582(c) is necessarily misplaced." [Doc. 82]. This matter is now ripe for review.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

The government is correct that the defendant's reliance on § 3582(c) is misplaced. Defendant does not cite to a sentencing guidelines amendment which was retroactively lowered his sentencing range. Defendant cites to "clarifying case law," which he argues requires the government to prove at sentencing that the firearm possessed by the defendant was operable. [Doc. 80 at 2]. He relies on *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2007) for the proposition that the government must prove operability. This case, however, does not support this proposition, as it does not address operability of a firearm, but rather actual and constructive possession. The cases defendant cites as clarifying USSG § 2D1.1(b)(1) were published well before defendant was sentenced; however, defendant did not submit any objections to the Presentence Investigation Report ("PSR") as to this enhancement or any other issue. In fact, defendant's plea agreement and PSR includes the following language: "The defendant stipulates and acknowledges, based upon the circumstances, that it was not clearly improbable that the shotgun was connected with the offense and concedes that the two level enhancement under §2D1.1(b)(1) should be applied to him." [Docs. 29 at 6, 49 at ¶ 30]. Because of defendant's stipulation, as well as the lack of

2

subsequent objection to the PSR, the Court accepted paragraph 30 of the PSR as accurate, and proceeding accordingly, applying the enhancement as the defendant agreed was proper.

The defendant's motion does not raise a claim that falls within the limited circumstances by which the Court can modify his sentence. The defendant's motion to reduce sentence, [Doc. 80], is **DENIED**.

So ordered

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE